**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| d/b/a U.S. BANK EQUIPMENT FINANCE | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| NIKO LOGISTICS CORPORATION | ) | |
| and ROBERT MICOV, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE ("U.S. Bank"), by and through counsel, and for its Verified Complaint against NIKO LOGISTICS CORPORATION ("Niko") and ROBERT MICOV ("Micov") states as follows:

**PARTIES**

1.      U.S. Bank is a national bank organized under the laws of the United States, with its principal place of business in Minneapolis, Minnesota. U.S. Bank maintains its charter in the State of Ohio and its main office is located in Cincinnati, Ohio.

2.      Niko is an Illinois corporation organized under the laws of the State of Illinois with its principal place of business located at 2011 Maplewood Circle, Naperville, IL 60563.

3.      Micov is a citizen of the State of Illinois, who maintains his domicile at 2011 Maplewood Circle, Naperville, IL 60563.

1

## JURISDICTION AND VENUE

4.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to U.S. Bank's claims occurred in this judicial district, and because the Defendants reside and/or conduct business in this judicial district.

## BACKGROUND

6.      On or about October 5, 2022, nonparty BMO Harris Bank N.A. ("BMO Harris"), as Lender, and Niko Logistics Corporation, as Debtor, entered into a Loan and Security Agreement (the "Agreement") for the financing of one (1) 2023 Peterbilt 389-Series: 389 131" BBC SFFA Tractor 6X4 S/N 1XPXD49X7PD890718 (the "Truck"). A true and correct copy of the Agreement is attached hereto as Ex. 1.

7.      To induce BMO Harris to enter into the Agreement with Niko Corporation, Micov executed a Continuing Guaranty (the "Guaranty") in which Micov guaranteed the full and prompt payment and performance of all of Niko Logistics Corporation's obligations under the Agreement. A true and correct copy of the Guaranty is attached hereto as Ex. 2.

8.      Niko granted BMO Harris a first-priority security interest in the Truck as evidenced by BMO Harris' designation as the first lienholder on the Truck's Certificate of Title. A true and correct copy of the Truck's Certificate of Title is attached hereto as Ex. 3. Further, in the Agreement, Niko expressly granted BMO Harris a first-priority security interest in the Truck.

9.      On or about March 28, 2023, BMO Harris assigned all of its right, title, and interest in the Agreement, Guaranty, and Truck to U.S. Bank. A true and correct copy of the Assignment

is attached hereto as Ex. 4. U.S. Bank internally renumbered the Agreement as Contract No. xxx-xxxxxx9-000.

10.     Pursuant to the Agreement, Niko agreed to make seventy-two (72) consecutive monthly payments in the amount of $3,606.34, plus applicable taxes.  See. Ex. 1.

11.     Niko defaulted under the Agreement by failing to make timely payments pursuant to the Agreement.

12.     Micov defaulted under the Agreement and the Guaranty by failing to make timely payments pursuant to the Agreement and Guaranty.

13.     The failure to make timely payments constitutes a default pursuant to the Agreement and Guaranty. (Ex. 1, ¶ 5.1).

14.     As a result of Niko's default under the Agreement, U.S. Bank suffered actual damages.  U.S. Bank is entitled to payment of the unpaid Agreement balance, including the future payments remaining under the Agreement, in the amount of $147,859.69 (Ex. 1, ¶ 5.2.).

15.     Pursuant to the Agreement, U.S. Bank is further entitled to late fees in the amount of $360.64.  (Ex. 1, ¶ 5.2.)

16.     Pursuant to the Agreement, U.S. Bank is also entitled to prejudgment interest at a rate of one and one-half percent (1.5%) per month as well as attorney's fees and costs. (Ex. 1, ¶¶ 5.2, 5.3.)

17.     U.S Bank demanded payment from Defendants pursuant to the Agreement and Guaranty, but Defendants failed or refused to make payments.

18.     U.S. Bank has fully performed its obligations under the terms of the Agreement and Guaranty.

**COUNT I - BREACH OF CONTRACT**
**AGAINST NIKO LOGISTICS CORPORATION**

3

19.     U.S. Bank realleges and reasserts Paragraphs 1 through 19 of its Verified Complaint as though fully set forth herein.

20.     Niko defaulted under the Agreement by failing to make payments when due.

21.     Due to Niko's default under the Agreement, U.S. Bank has suffered actual damages in the amount of $148,220.33, plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that the Court enter judgment in its favor and against Defendant NIKO LOGISTICS CORPORATION in the amount of $148,220.33, plus interest and attorneys' fees, and costs, and grant all other and further relief which this Court deems just.

## COUNT II – BREACH OF GUARANTY
## AGAINST ROBERT MICOV

22.     U.S. Bank re-alleges and reasserts Paragraphs 1 through 21 of its Verified Complaint as though fully set forth herein.

23.     Micov defaulted under the Guaranty by failing and refusing to make payments when due.

24.     Because of Micov's default under the Guaranty, U.S. Bank has suffered actual damages in the amount of $148,220.33, plus interest and attorneys' fees and costs.

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that the Court enter judgment in its favor and against Defendant ROBERT MICOV in the amount of $148,220.33, plus interest and attorneys' fees and costs, and grant all other and further relief which this Court deems just.

## COUNT III – REPLEVIN
## AGAINST DEFENDANT NIKO LOGISTICS CORPORATION

25.     U.S. Bank re-alleges and reasserts Paragraphs 1 through 24 of its Verified Complaint as though fully set forth herein.

26.     This claim is brought pursuant to 735 ILCS § 5/19-101, *et seq*., made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

27.     Pursuant to the Agreement, U.S. Bank has a security interest in the Truck as reflected on the title to the Truck (as BMO Harris' assignee).

28.     Due to Niko's default under the Agreement, U.S. Bank is entitled to the return of and exclusive possession of the Equipment.

29.     Niko refuses to surrender the Truck voluntarily, despite demand by U.S. Bank.  A true and correct copy of U.S Bank's demand for the return of the Truck is attached hereto as Ex. 5.

30.     Niko is wrongfully and unlawfully detaining the Truck, because it is in default under the Agreement, and the Truck constitutes U.S Bank's collateral.

31.     The Truck has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Illinois against property of U.S. Bank, nor seized under any lawful process against the goods and chattels of U.S. Bank subject to such lawful process, nor held by virtue of any order for replevin, execution, or attachment against U.S. Bank.

32.     Upon information and belief, based on the terms of the Agreement, the Truck is located at 2011 Maplewood Circle, Naperville, IL 60563.

33.     U.S. Bank estimates the fair market value of the Truck to be $110,000.00, depending on its condition and the market conditions at the time of sale.

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that this Court enter an Order directing the U.S.

Marshal or other duly authorized authority to use all necessary force, including the force necessary to break locks and force open doors, to repossess one (1) 2023 Peterbilt 389-Series: 389 131" BBC SFFA Tractor 6X4 S/N 1XPXD49X7PD890718, or any portion thereof, from 2011 Maplewood Circle, Naperville, IL 60563, or wherever it may be found, and enter a judgment against NIKO LOGISTICS CORPORATION for the value of the Truck, or any portion(s) thereof, not so returned, plus attorneys' fees and costs, as such other and further relief as this Court deems just.

## COUNT IV – DETINUE AGAINST DEFENDANTS NIKO LOGISTICS CORPORATION AND ROBERT MICOV

34.     U.S. Bank re-alleges and re-asserts Paragraphs 1 through 33 of its Verified Complaint as though fully set forth herein.

35.     Micov is the President of Niko, and, upon information and belief, controls the day-to-day operations of Niko. Accordingly, Micov determines if Niko will surrender the Truck to U.S. Bank.

36.     Niko and Micov are wrongfully retaining possession of the Truck, because Niko and Micov have defaulted under the terms of the Agreement and the Guaranty by failing to make timely payment when due, and Niko and Micov, have failed to surrender the Truck despite U.S. Bank's demand. Therefore, Niko no longer has the right to possess and/or use the Truck.

37.     The Truck is in the possession and control of and Robert Micov.

38.     Accordingly, U.S Bank is entitled to an order directing Niko and Micov to turn over the Truck to U.S Bank by delivering it to a location designated by U.S Bank within fourteen (14) days, or such other reasonable period of time as the Court determines.

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that this Court enter an Order compelling NIKO LOGISTICS CORPORATION and ROBERT MICOV, jointly and severally, to surrender: one (1)

2023 Peterbilt 389-Series: 389 131" BBC SFFA Tractor 6X4 S/N 1XPXD49X7PD890718, to U.S.

Bank at a place and time directed by U.S. Bank within fourteen (14) days of this Court's entry of

a turnover order and/or judgment, and such other and further relief as this Court deems just.

U.S.  BANK  NATIONAL  ASSOCIATION
d/b/a U.S. BANK EQUIPMENT FINANCE

By:  /s/ D. Alexander Darcy
D. Alexander Darcy (ARDC#: 06220515)
Darcy & Devassy PC
444 N. Michigan Ave., Suite 3270
Chicago, IL 60611
(312) 784-2400 (t)
(312) 784-2410 (f)
adarcy@darcydevassy.com

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that she verily believes the same to be true.

_____
Jessi Olson
Officer | Loss Mitigation Specialist
U.S. Bank National Association d/b/a
U.S. Bank Equipment Finance

_____2/11/2026_____
Date

8